Depalma v Zherka (2023 NY Slip Op 03332)

Depalma v Zherka

2023 NY Slip Op 03332

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-07294
 (Index No. 59457/20)

[*1]Mark Depalma, appellant,
v
Sam Zherka, et al., respondents, et al., defendants.

Mark Depalma, Bronx, NY, appellant pro se.
Piscionere & Nemarow, P.C., Rye, NY (Michael Konicoff and Anthony G. Piscionere of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 3, 2021. The order granted the motion of the defendants Sam Zherka, Carmela Zherka Irrevocable Trust, Selim Zherka, Dominica O'Neill, Sunday, Dominica O'Neill as Trustee, Dominica O'Neill as Trustee of the Carmela Zherka Irrevocable Trust, and Saranda Zherka pursuant to CPLR 3211(a)(8) to dismiss the action insofar as asserted against them.
ORDERED that the appeal is dismissed, without costs or disbursements.
In September 2020, the plaintiff commenced this action, inter alia, to recover damages for personal injuries by the filing of a summons with notice. In December 2020, the plaintiff filed an amended summons with notice. Thereafter, the defendants Sam Zherka, Carmela Zherka Irrevocable Trust, Selim Zherka, Dominica O'Neill, Sunday, Dominica O'Neill as Trustee, Dominica O'Neill as Trustee of the Carmela Zherka Irrevocable Trust, and Saranda Zherka (hereinafter collectively the defendants) moved pursuant to CPLR 3211(a)(8) to dismiss the action insofar as asserted against them. The plaintiff did not oppose the defendants' motion. In an order dated September 3, 2021, the Supreme Court granted the defendants' unopposed motion to dismiss the action insofar as asserted against them. The plaintiff appeals.
As no appeal lies from an order granted upon the default of the appealing party, we must dismiss the appeal (see CPLR 5511; Bank of N.Y. Mellon v Geffrard, 215 AD3d 723; Ocwen Loan Servicing, LLC v Antoine, 213 AD3d 863; Xiu Jian Sun v Min Liu, 199 AD3d 968).
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court